IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES EDWARD SPENCER,      )
                                  )
     Plaintiff,              )
                                  )
     v.                   ) CIVIL ACTION NO.: 2:09-CV-1089-MEF
                                  )                [WO]
BOB RILEY, *et al.*,          )
                                  )
     Defendants.          )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Plaintiff, a state inmate, alleges that rights, privileges, or immunities afforded him under the Constitution or law of the United States have been abridged by Defendants.[1]   The defendants are identified as former Governor Bob Riley, former Attorney General Troy King, Cynthia Dillard, Executive Director of the Alabama Board of Pardons and Parole, former Commissioner of the Alabama Department of Corrections Richard Allen, and Michelle Wilson, Acting Supervisor of the Classification Department at the Bullock Correctional Facility.  Plaintiff requests trial by jury, damages, declaratory relief, preliminary injunctive relief, and a permanent injunction to enjoin

---

[1] The captioned action was filed in this court on November 30, 2009.  By order entered December 7, 2009 the court informed Plaintiff that he had not set forth his claims adequately. He was, therefore, directed to amend his complaint to state with clarity and specificity how each of the named defendants violated his constitutional rights. (*See Doc. No. 5*.) Plaintiff filed his amended complaint on December 16, 2009 which, in accordance with the court's December 7 order, superseded the original complaint. (*See Doc. No. 6*.)

enforcement of the Alabama Community Notification Act's provisions against him.[2] ( (*Doc. No. 6*).

Defendants filed answers, special reports, and relevant supporting evidentiary materials addressing Plaintiff's claims for relief. The court then informed Plaintiff that Defendants' special reports may, at any time, be treated as motions for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. Plaintiff filed a response to the special reports filed by Defendants. Thus, this case is now pending on Defendants' motions for summary judgment. Upon consideration of these motions, the evidentiary materials filed in support thereof, and the response filed by Plaintiff, the court concludes that Defendants' motions for summary judgment are due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to

---

[2] The court previously denied Plaintiff's request for preliminary injunctive relief. (*See Doc. Nos. 6, 29, 33, 35*.) Additionally, by order entered February 24, 2012, Plaintiff's claims challenging matters associated with the validity of the conviction and/or sentence under which he was incarcerated were dismissed. Specifically, the court determined that Plaintiff did not presently have a cause of action under § 1983 with respect to any claims seeking to challenge the validity of the conviction and/or sentence under which he was then incarcerated (*See Doc. Nos. 9, 12*.)

judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11ᵗʰ Cir. 2007) (*per curiam*) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[3]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

Defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact with respect to the claims properly before this court.  Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists.  *Clark v. Coats & Clark, Inc.*, 929 F.2d

---

[3]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision ©, changing only one word -- genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination." *Id.*  "'Shall' is also restored to express the direction to grant summary judgment." *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

604, 608 (11ᵗʰ Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails

to properly support an assertion of fact or fails to properly address another party's assertion

of fact by [citing to materials in the record including affidavits, relevant documents or other

materials] the court may ... grant summary judgment if the motion and supporting materials

-- including the facts considered undisputed -- show that the movant is entitled to it.")  A

genuine dispute of material fact exists when the nonmoving party produces evidence that

would allow a reasonable fact-finder to return a verdict in its favor.  *Greenberg*, 498 F.3d

at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of
> professional judgment.  In respect to the latter, our inferences must accord
> deference to the views of prison authorities.  Unless a prisoner can point to
> sufficient evidence regarding such issues of judgment to allow him to prevail
> on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted).  Consequently, to

survive Defendants' properly supported motions for summary judgment, Plaintiff is

required to produce "sufficient [favorable] evidence" which would be admissible at trial

supporting his claim(s) for relief.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249

(1986); Rule 56(e), *Federal Rules of Civil Procedure*.  "If the evidence [on which the

nonmoving party relies] is merely colorable ... or is not significantly probative ... summary

judgment may be granted."  *Id*. at 249-250.

4

A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the materials before the court indicate that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine dispute of material fact. *Beard*, 548 U.S. at 525;  *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## II. BACKGROUND

Plaintiff is currently incarcerated at the Tuscaloosa County Jail in Tuscaloosa, Alabama.   The evidentiary material before the court shows that the Circuit Court for Tuscaloosa County, Alabama, sentenced Plaintiff on September 27, 1988 to a two year term of imprisonment as a result of his conviction for first degree sexual abuse. On December 3, 1992 the Circuit Court for Tuscaloosa County sentenced Plaintiff to a fifteen year term of imprisonment on a subsequent conviction for first degree sexual abuse. In 2006 Plaintiff was convicted  for a violation of  the Alabama Community Notification Act ["ACNA"] in the Circuit Court for Tuscaloosa County.  The trial court sentenced Plaintiff on April 4, 2006 to a  fifteen year prison term and placed him on probation.  On November 2, 2007 the Circuit Court for Tuscaloosa County sentenced Plaintiff to a four year term of imprisonment for his conviction on another ACNA violation  and directed that the sentence  run concurrent with the 2006 conviction. As a result of the November 2007 ACNA conviction, Plaintiff's probation  on his  2006 ACNA conviction was revoked.  (*Doc. No. 14, Exhs. 8, 8-A, Doc. No. 19*.)

At the time he filed the instant complaint Plaintiff was incarcerated at the Bullock Correctional Facility on his ACNA convictions.  During the pendency of this action Plaintiff was released from custody but has since been re-incarcerated in the Tuscaloosa County Jail for a new offense(s).  (*Doc. No. 6; Doc. No. 38*.)

In the present action, Plaintiff alleges that the Alabama Community Notification Act

["the Act" or "ACNA"], *Ala. Code* 1975 § 15-20-20 et seq. (1975, as amended), is unconstitutional as applied to him. Specifically, Plaintiff complains that application of the ACNA's residency restrictions due to his sexual abuse convictions resulted in his unlawful confinement, violated his constitutional rights to equal protection and due process, and subjected him to *ex post facto* violations. Plaintiff also contends that he was subjected to unconstitutional conditions of confinement at the Bullock Correctional Facility and that his classification as a sex offender violated his right to equal protection. (*Doc. No. 6.*)

## III. DISCUSSION

The Alabama Community Notification Act went in to effect in 1996. On July 1, 2011, the Act was repealed by the Alabama Sex Offender Registration and Community Notification Act, Alabama Act No. 2011–640, § 49, Ala. Code § 15–20A–1, *et seq.*, ["SORCNA"]. SORCNA now governs the legal registration and community notification requirements applicable to adult sex offenders as defined in § 15-20A-4(1) and is "applicable to every adult sex offender convicted of a sex offense as defined in Section 15-20A-5, without regard to when his or her crime or crimes were committed or his or her duty to register arose." Ala. Code § 15-20A-3. Plaintiff's first degree sexual abuse convictions subject him to the provisions of SORCNA upon his release from incarceration.

*A. Unlawful Confinement Claims*

To the extent Plaintiff seeks to challenge the validity of his convictions pursuant to the ACNA, a civil rights lawsuit under 42 U.S.C. § 1983 is not an appropriate remedy. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (""§ 1983 suit is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceeding) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). In *Heck v. Humphrey,* 512 U.S. 477 (1994)*,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Edwards v. Balisok,* 520 U.S. 641 (1997), the Court further concluded that an

inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate that the challenged action has previously been invalidated. *Id*. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

With regard to Plaintiff's claims which challenge the constitutionality of his criminal convictions pursuant to violations of the ACNA, a judgment in favor of Plaintiff in this cause of action would necessarily imply the invalidity of those convictions. It is clear from the evidentiary material before the court that the convictions about which Plaintiff complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the  convictions in question is prohibited. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490. Such attack is, therefore, subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

*B.  The Cruel and Unusual Punishment Claim*

Plaintiff complains that the living conditions under which he was housed at the Bullock Correctional Facility were unconstitutional.  Variously these conditions included overcrowding, excessive noise, poor and inadequate air quality, unclean and inadequate restroom facilities, unsanitary dining facilities and food preparation, and housing of mental and physically ill inmates in general population.  (*Doc. No. 6.*)

A prison official has a duty under the Eight Amendment to "ensure that inmates receive adequate food, clothing, shelter and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  In order to demonstrate an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. *Id*. at 834.  The objective component requires an inmate to prove that  he was denied the "minimal civilized measure of life's necessities." *Id*.  The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004).  "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,'" only "extreme deprivations" will make out a conditions-of-confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The subjective component requires a prisoner to prove that the prison official acted with "deliberate indifference" in disregarding that risk by showing that an official knew the inmate faced a "substantial risk of serious harm" and with such knowledge, disregarded that

10

risk by failing to take reasonable measures to abate it.  *Farmer*, 511 U.S.  at 828, 834, 837.

Plaintiff alleges in conclusory terms that he was subjected to unconstitutional conditions of confinement at the Bullock Correctional Facility and, thus, fails to indicate how the condition about which he complains were so unsafe and/or unsanitary as to violate his rights or how they denied him the "minimal civilized measure of life's necessities." All of the conditions or problems identified by Plaintiff are unfortunately problems of prison life in general, a life which while not comfortable must be humane.  *Mathews v. Crosby*, 480 F.3d 1265, 1269 (11th Cir. 2007).  Further, Plaintiff's  allegation of overcrowding alone is insufficient to state a claim under the Eighth Amendment and overcrowding alone is not *per se* unconstitutional. *Rhodes,* 452 U.S. at 348; *Castillo v. Cameron County, Tex.,* 238 F.3d 339 (5th  Cir. 2001). Overcrowded conditions can be restrictive and even harsh; however, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Rhode*, 452 U.S. at 348.

Here, Plaintiff has failed to establish that the conditions about which he complains caused him serious harm nor can the problems he describes be considered "abuses." Additionally, Plaintiff has failed to allege much less indicate that Defendants knew of an obvious risk of serious harm to him and disregarded that risk, *Farmer* 511 U.S. at 837, or that Defendants' actions resulted in the denial of the minimal civilized measure of life's necessities.  *Rhodes*, 452 U.S. at 347. The mere fact that the conditions and problems described by Plaintiff exist is insufficient to demonstrate a constitutional violation.

11

Accordingly, Defendants are entitled to summary judgment on Plaintiff's conditions claim.

*C.  The Equal Protection Claim*

To the extent Plaintiff complains that his classification as a sex offender violated his right to equal protection because it prevented him from participating in favorable prison programs, he is entitled to no relief.  (*Doc. No. 6.*)  The Equal Protection Clause guarantees that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985). To establish a claim under the Equal Protection Clause, a prisoner must show that (1) "he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected  interest... " *Jones v. Ray,* 279 F.3d 944, 946-47 (11th Cir. 2001) (quotation omitted).  Additionally, in order to establish a viable equal protection claim, a litigant must show an intentional or purposeful discrimination. *Snowden v. Hughes,* 321 U.S. 1, 8 (1944); *E & T Realty v. Strickland,* 830 F.2d 1107, 1113–14 (11th Cir. 1987).

Assuming, *arguendo*, that the named defendants could be shown to have had responsibility over Plaintiff's prison classification, he has generally alleged discrimination, but has not identified any specific facts that allow the court to make any plausible  inference that any of the adverse treatment he allegedly received from Defendants was based on a constitutionally protected interest.  *See Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Marsh v. Butler County,* 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001) ("[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.").   As explained, in order to establish a claim for an equal protection violation, Plaintiff must allege that Defendants gave differential treatment to prisoners who were similarly situated to him, and that the reason for the  treatment was based on a constitutionally impermissible reason. *Jones,* 279 F.3d at  946–47; *Damiano v. Florida Parole and Prob. Comm'n,* 785 F.2d 929, 932–33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections,* 467 F.3d 1311, 1318–1319 (11th Cir. 2006).

Here, Plaintiff  fails to identify any similarly situated prisoners who received more favorable treatment from the named defendants and, thus, his equal protection claim necessarily fails first because he has not alleged that he was treated differently  from other, similarly situated inmates. *See Sweet,* 467 F.3d at 1318-1319.  Further, Plaintiff has generally alleged discrimination, but has not identified any specific facts tending to suggest that he was subjected to any tangible unequal treatment by Defendants' conduct such as their  decision being based upon a constitutionally protected interest.  Because Plaintiff's bald  suspicions and assertions of discrimination are unsupported by specific factual allegations, they are insufficient to state a claim for a violation of the Equal Protection Clause, and Defendants are, therefore, entitled to  summary judgment with respect to this claim.   *See Smith v.*

13

*Regional Director of Florida Dept. of Corrections*,  368 Fed. Appx. 9, 12, (11th Cir.  2010); *Iqbal*, *supra*.

D.   *The Classification Claim*

To the extent Plaintiff argues that Defendants  subjected him to an improper prison classification status, such claim entitles him to no relief.  Again, even if Defendants could be shown to have had responsibility for assigning Plaintiff to a particular classification level or status, the law is settled that an inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Because Plaintiff has no constitutionally protected interest in the level of his custody classification, correctional officials may assign him to any classification level without implicating the protections of due process.

E.  *The Remaining ACNA Claims*

As noted, on July 1, 2011, the ACNA was repealed by the Alabama Sex Offender Registration and Community Notification Act.  Ala. Code § 15–20A–1, *et seq*.  Accordingly, the court must decide whether repeal of the ACNA renders Plaintiff's remaining challenges

to the validity of the statute moot.  If repeal of the ACNA has rendered Plaintiff's challenges thereto moot, then such claims must be dismissed for lack of jurisdiction.[4]

As explained, at the time Plaintiff filed the instant action, he was incarcerated on his convictions resulting from violations of provisions of the ACNA. During the pendency of this action, Plaintiff was released from custody but has since been re-incarcerated on new offenses.  (*See Doc. No. 38*.)  Any past or  current challenges Plaintiff seeks to make regarding the validity of the ACNA and its applicability to his convictions for violations thereof and/or the Act's potential future application to him or enforcement against him are now moot due to repeal of the statute.

Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." U.S. Const. Art. III, 2.  Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990).   This is because courts do not sit to render advisory opinions.  *North Carolina v. Rice*, 404 U. S. 244, 246 (1971).  An actual controversy must exist at all times when the case is pending.  *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974).

---

[4] In general, the transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief.  *See  County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen,* 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."). "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." *Tucker v. Phyfer,* 819 F.2d 1030, 1034 (11th Cir. 1987). Because mootness is jurisdictional, dismissal is required when an action is moot, as a decision in a moot action would be an impermissible advisory opinion. *Al Najjar v. Ashcroft,* 273 F.3d 1330, 1336 (11th Cir. 2001).

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the Eleventh Circuit Court of Appeals determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted).

"Generally, a challenge to the constitutionality of a statute is mooted by repeal of the statute." *Coral Springs St. Sys., Inc. v. City of Sunrise,* 371 F.3d 1320, 1329 (11th Cir. 2004); *National Advertising Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) ( "the repeal or amendment of an allegedly unconstitutional statute moots legal challenges to the legitimacy of the repealed legislation."); *Kremens v. Bartley,* 431 U.S. 119, 128-29 (1977)

16

(holding moot a constitutional challenge to a state statute governing the involuntary commitment of mentally ill minors, because the law had been replaced with a different statute). Here, repeal of the ACNA has rendered Plaintiff's requests for injunctive and declaratory relief in relation thereto moot and deprives the court of jurisdiction. While the repeal of a challenged law does not necessarily moot a claim for damages by a plaintiff alleging a past violation of his rights, *Outdoor Media Group, Inc., v. City of Beaumont,* 506 F.3d 895, 902 (9th Cir. 2007), the court finds that a claim for damages based on a past deprivation of Plaintiff's constitutional rights with respect to an alleged unconstitutional application of the ACNA as a result of his sexual abuse convictions is not properly before the court at this time for the reasons previously explained herein. *See Heck*, 512 U.S. 477; *Balisok*, 520 U.S. 641. Accordingly, because there is no present case or controversy to support the court's jurisdiction over Plaintiff's remaining challenges to the ACNA, such claims are due to be dismissed for lack of jurisdiction.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motions for summary judgment with respect to Plaintiff's § 1983 conditions of confinement, equal protection, and classification claims, *see* §III (B), (C) & (D) (*Doc. Nos. 14, 19*), be GRANTED;

2.   Plaintiff's challenges to the legality of his convictions under the ACNA be DISMISSED without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii);

3.   Plaintiff's challenges to the Alabama Community Notification Act be DISMISSED without prejudice for lack of jurisdiction;

4.   Judgment be ENTERED in favor of Defendants and against Plaintiff; and

5.   No costs be taxed herein.

It is further

ORDERED that  on or before **June 19, 2012** the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of June 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE