IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES EDWARD SPENCER,<br><br>　　Plaintiff,<br><br>v.<br><br>BOB RILEY, TROY KING, CYNTHIA DILLARD, RICHARD ALLEN, and M. WILSON,<br><br>　　Defendants. | Case No. 2:09-cv-1089-MEF-TFM<br>(WO) |

## ORDER

Magistrate Judge Terry Moorer filed a Report and Recommendation (Doc. # 59) supporting the dismissal of James Spencer's claims. I agree with the recommendation and will adopt it as an order of the Court. I write only to clarify why Spencer's § 1983 claim challenging his conviction under Alabama's now-repealed Community Notification Act (ACNA) cannot go forward.

As Judge Moorer correctly pointed out, *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Spencer's challenge to his ACNA conviction. This is because a plaintiff cannot use § 1983 to challenge a state court conviction unless he can show that he "had the conviction 'reversed . . . , expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus.'" *Barnes v. City of Dothan*, ___ F. Supp. 2d ___, No. 1:11-cv-201, 2012 WL

1

274746, at *5 (M.D. Ala. Jan. 31, 2012) (citing *Heck*, 512 U.S. at 486–87). The reason for *Heck*'s so-called favorable termination rule is "to steer challenges to state court convictions into the channels already set up for [that] purpose." *Id.*

Here, Spencer remains in jail on the ACNA charge, so he cannot satisfy *Heck*'s favorable termination rule. To proceed with a § 1983 claim, he needs to successfully challenge his conviction by other means. This can be done, for example, by trying to have it overturned in state court or by filing a habeas corpus action. If he were to succeed using either approach, his § 1983 claim could then go forward. But because he has not had his conviction overturned, and because the Court agrees with Judge Moorer's recommendation, it is hereby ORDERED as follows:

1. Spencer's Objection to the Recommendation of the Magistrate Judge (Doc. # 60) is OVERRULED.

2. The Report and Recommendation of the Magistrate Judge (Doc. # 59) is ADOPTED.

3. The defendants' Motions for Summary Judgment (Docs. # 14, 19) are GRANTED.

Done this the 11th day of July, 2012.

                                                  /s/ Mark E. Fuller
                                             UNITED STATES DISTRICT JUDGE